UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) XERXES CORPORATION ) ) ) Defendants. ) ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Keith Wilson, Bernard Pearson, and a class of black individuals who were subjected to unlawful race discrimination. The Commission alleges that Xerxes Corporation is liable for discriminating against the aforementioned individuals and blacks as a class by subjecting them to a racially hostile work environment based on their race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Xerxes Corporation has continuously been and is now a corporation doing business in the State of Maryland and the City of Williamsport and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Xerxes Corporation has continuously been and is now an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Wilson and Pearson, each filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2005, Defendant has engaged in unlawful employment practices at its Hagerstown Plant, in continuing violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1). Specifically, Defendant subjected Wilson, Pearson, and a class of blacks, to a racially hostile work environment on account of their race, black.

8. The effect of the practices complained of above has been to deprive Wilson, Pearson, and a class of blacks of equal employment opportunities and otherwise adversely affect their status as employees because of their race, black.

9. The unlawful employment practices complained of above were and are intentional.

10. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of Wilson, Pearson, and the affected class of blacks.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in racial discrimination and any other employment practice which discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities

for black employees and which eradicate the effects of its past and present unlawful employment practices.

    C.   Order Defendant to make whole Wilson, Pearson, and each individual subjected to a racially hostile environment by Defendant, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.   Order Defendant to make whole Wilson, Pearson, and each individual subjected to a racially hostile environment by Defendant, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, in amounts to be determined at trial.

    E.   Order Defendant to make whole Wilson, Pearson, and each individual subjected to a racially hostile environment by Defendant, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, shock, anxiety, and humiliation, in amounts to be determined at trial.

    F.   Order Defendant to pay Wilson, Pearson, and each individual subjected to a racially hostile environment by Defendant, punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

    G.   Grant such further relief as the Court deems necessary and proper.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                   Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
JACQUELINE H. MCNAIR
Regional Attorney

_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____
REGINA M. ANDREW, Bar No. 07756
Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Flr.
Baltimore, Maryland 21201
(410) 209-2724
Fax: (410) 962-4270