IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | |
| | * | |
| vs. | | Civil Action No.: CCB-08-1882 |
| | * | |
| XERXES CORPORATION | | |
| | * | |

******

# MEMORANDUM

Certain African-American employees at the Xerxes plant in Williamsport, Maryland, including Albert Bernard Pearson and Keith Wilson, were subjected to racial harassment by some of their co-workers at various times between 2005 and 2008, leading to an EEOC investigation and lawsuit. This court granted summary judgment to the employer, finding it took reasonable and effective remedial action once it had notice of the offensive and discriminatory conduct. The Fourth Circuit largely affirmed, but remanded for further proceedings as to the time period before February 2006. *EEOC v. Xerxes*, 639 F.3d 658, 677 (4th Cir. 2011).

Xerxes has now filed a motion for summary judgment, contending that the record as established by the Fourth Circuit requires a finding that recovery for the events prior to February 2006 is time-barred by the failure to file a charge with the EEOC until July 2007 (Pearson) and December 2007 (Wilson). The EEOC has opposed the motion, oral argument has been heard, and the motion will be granted for the reasons stated below.

A hostile work environment normally involves repeated conduct over a period of weeks and even years; thus collectively constituting one "unlawful employment practice." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 116-17 (2002). This extends the timely filing deadline of Title VII. As the Court explained: "Provided that an act contributing to the

1

claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 103; *see also Gilliam v. South Carolina Department of Juvenile Justice*, 474 F.3d 134, 141 (4th Cir. 2007). Whether a series of acts constitutes a single actionable claim depends on whether the acts are sufficiently related, and whether there has been "certain intervening action by the employer." *Morgan*, 536 U.S. at 118;[1] *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009); *Watson v. Blue Circle*, 324 F.3d 1252, 1258-59 (11th Cir. 2003).

In this case, the Fourth Circuit opinion determined the following sequence of events. There is evidence of racial slurs and pranks in 2005 and January 2006 directed at Mr. Pearson and Mr. Wilson by co-workers, which may have been reported to a supervisor, Mr. Shifflett, and, if so, the employer's response may not have been adequate. As of February 2006, however, Xerxes' response was both adequate and effective. The co-worker employees involved were disciplined, and there is no evidence that either of them engaged in acts of racial harassment after February 3, 2006. *EEOC v. Xerxes*, 639 F.3d at 672. Overall, Xerxes' actions were not only reasonable but "actually effective," as there were "no reported incidents of racial slurs for over two years, and no incidents of pranks for nearly a year thereafter." *Id*. As the Fourth Circuit further determined, the abhorrent messages found by Mr. Pearson and Mr. Wilson in their lockers in April and June 2007 were "of a much different character" than the prior racial slurs and pranks, there was no reason to believe the same co-workers were involved, and there was no evidence these incidents occurred because the actions Xerxes took in 2006 were inadequate. *Id.* at 672-73. Any other noted incidents in 2007 or 2008 were "isolated and temporally distant."

---

1 As the Court explained: "On the other hand, if an act on day 401 had no relation to the acts between days 1-100, or for some other reason, such as certain intervening action by the employer, was no longer part of the same hostile environment claim, then the employee cannot recover for the previous acts, at least not by reference to the day 401 act." *Id.*

*Id.* at 675.

Based on these facts, Xerxes persuasively argues that the racial slurs and pranks alleged to have occurred prior to February 2006 are not part of a single hostile environment extending through the acts that occurred in April and June 2007. Accordingly, the 2005 acts are not encompassed in a timely-filed charge with the EEOC.[2] Only if the entire series of acts from 2005 through 2007 were part of the same unitary hostile environment claim, with no sufficient intervening action by the employer, could the 2007 EEOC charges permit suit on the otherwise time-barred acts in 2005.[3]

The EEOC also relies on equitable estoppel to excuse the filing of a timely charge. *See English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir. 1987). But plant superintendent Greg Carty's alleged instruction to Mr. Pearson that he not tell anyone about the racial harassment does not establish estoppel against Xerxes for several reasons. First, it occurred after February 2006; second, it did not deter Mr. Pearson from filing a charge, *Xerxes*, 639 F.3d at 663 n.3; and third, Mr. Pearson withdrew his charge not because of anything Xerxes did but because, he claims, he was misled by an MCHR employee.

This court has considered very carefully the Fourth Circuit's ruling, mindful of its direction that disputed material facts exist as to the employer's notice and adequacy of response prior to February 2006. The Fourth Circuit did not address, however, the argument that Xerxes now has a basis to raise. There is no purpose to proceeding with a trial when the employer would be entitled to judgment as a matter of law at the close of the plaintiff's case.

---

2 Mr. Pearson did file a charge in June 2006, but withdrew it in September 2006.
3  The decision in *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007), while explaining that ordinarily it is inappropriate "to draw lines by time," *id.* at 767, does not require a different result in this case, because the Fourth Circuit's opinion has established the occurrence of the intervening events, and specifically the adequacy and effectiveness of Xerxes' responses, as a matter of law.

Accordingly, for the reasons stated above, Xerxes' motion will be granted. A separate

order follows.


__October 28, 2011__                                          _____/s/_____
Date                                                          Catherine C. Blake
                                                             United States District Judge